| PROB 22 (Rev. 2/88) | | DOCKET NUMBER (Tran. Court) |
|---|---|---|
| | | 0971 5:14CR00318 |
| TRANSFER OF JURISDICTION  17-20049-TP-UNGARO/O'SULLIVAN | | DOCKET NUMBER (Rec. Court) |
| NAME AND CITY, STATE OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
| Dana Ann Wilkey | ND/CA | San Jose |
| | NAME OF SENTENCING JUDGE | |
| | Lucy H. Koh | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 10/19/2016 | TO 10/18/2021 |
| OFFENSE | | |
| U.S.C. § 4 - Misprision of a Felony | | |

FILED BY __TB__ Deputy Clerk
Jul 18, 2017
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____Southern District of Florida_____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_June 19, 2017_    _[signature]_
Date    United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE   Southern District of Florida

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_June 30, 2017_    _[signature]_
Effective Date    United States District Judge

MELINDA HAAG (CABN 132612)
United States Attorney

**SEALED BY ORDER OF THE COURT**

**FILED**
JUN 18 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SKYLAR ARIEL PHOENIX,
a/k/a "Karen Marie West,"
LISSA MICHELE PHOENIX,
a/k/a "Lisa Beckwith," and
DANA ANN WILKEY,

Defendants.

CR14 00318 PSG  LHK

VIOLATIONS: 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. §§ 1343 and 2 – Wire Fraud and Aiding and Abetting; 18 U.S.C. § 1001(a) – False Statement to a Government Agent; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

SAN JOSE VENUE

## INDICTMENT

The Grand Jury charges:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment, unless otherwise indicated:

1. Defendant SKYLAR ARIEL PHOENIX, a/k/a Karen Marie West, was employed by Blue Shield of California, a for-profit corporation and health care provider (hereafter, "B.S.C."), located in San Francisco, California, in the Northern District of California. From approximately June 2003 through September 2011, SKYLAR PHOENIX worked for B.S.C. as a manager in the marketing department.

2. As part of SKYLAR PHOENIX's job at B.S.C., she had responsibility for overseeing multiple

INDICTMENT      1

Case 1:17-tp-20049-JEM   Document 1   Entered on FLSD Docket 07/18/2017   Page 3 of 20
JUN-19-2014  11:57
Case 1:14-mj-02772-BLG   Document 1   Entered on FLSD Docket 06/20/2014   Page 2 of 103

1  employees within the marketing department and had authority to procure additional employees and
2  authorize payments without further management review of up to $10,000.

3  3. Defendant LISSA MICHELE PHOENIX, a/k/a/ Lisa Beckwith, was the registered domestic
4  partner of SKYLAR ARIEL PHOENIX.

5  4. Since at least May 2001, defendant SKYLAR ARIEL PHOENIX and defendant LISSA
6  MICHELE PHOENIX have been co-owners and joint tenants of a residence in San Jose, CA.

7  5. B.S.C. had internal ethics, conflicts, and compliance policies which: (1) prohibited the direct
8  hiring and supervision of members of an employee's household or family members; (2) prohibited the
9  choosing of one vendor over another based on a personal relationship or non-objective criteria; (3)
10 prohibited B.S.C. employees from receiving any bribes, rebates, kickbacks or similar improper payment
11 as a benefit for influencing or authorizing any action by B.S.C.; and (4) required B.S.C. employees to
12 report any such actions or conflicts as they arose.

13 6. Defendant DANA ANN WILKEY was the President and registered agent of Adwil Agency,
14 Inc., ("Adwil Agency") with its principal place of business in Beverly Hills, California.

15 7. Beginning in or about December 2005 through and including January 2013, Adwil Agency
16 provided Internet-based marketing services to B.S.C., in San Francisco, California, and elsewhere,
17 pursuant to a contract between B.S.C. and Adwil Agency.

18 8. Spherion Staffing Services ("Spherion") was a company providing temporary employees and
19 on-site management services to a variety of industries in locations around the United States, including in
20 San Francisco, California, during the time relevant to this indictment. Beginning in or about February
21 2005 through September 2011, Spherion provided various services, including "flexible staffing services"
22 to B.S.C. pursuant to several contracts between the companies.

23 9. Rodeo Pink, Inc. was a business incorporated in California on or about July 2008, with
24 SKYLAR PHOENIX listed as the president and its business address matching the address of SKYLAR
25 PHOENIX's residence in San Jose, California.

26                    THE FIRST SCHEME AND ARTIFICE TO DEFRAUD
27 10. As set forth more fully below, in or about September 2004 through in or about March 2011, in
28 the Northern District of California and elsewhere, the defendants,

2

INDICTMENT

Case 1:17-tp-20049-JEM Document 1 Entered on FLSD Docket 07/18/2017 Page 4 of 20
JUN-19-2014 11:57
Case 1:14-mj-02772-BLG Document 1 Entered on FLSD Docket 06/20/2014 Page 3 of 104

1  SKYLAR ARIEL PHOENIX and
2  LISSA MICHELE PHOENIX,
3  engaged in an illegal scheme to defraud B.S.C. by creating false employee records and time cards for
4  work allegedly performed that contained materially false and misleading information in order to induce
5  B.S.C. to pay hourly wages to LISSA PHOENIX for work that was not performed.
6  11.  As part of the scheme to defraud, SKYLAR PHOENIX and LISSA PHOENIX conspired with
7  each other and others known and unknown to the grand jury for LISSA PHOENIX to be hired as an
8  independent contractor, allegedly to provide consultant services to B.S.C. Together, LISSA PHOENIX
9  and SKYLAR PHOENIX presented LISSA PHOENIX as "Lisa Beckwith, d/b/a Adwil
10 Communication," with an address corresponding to the home address of one of LISSA PHOENIX's
11 close family members. In this way, LISSA PHOENIX and SKYLAR PHOENIX provided false and
12 misleading information and representations to conceal from B.S.C. the true relationship between the
13 defendants.
14 12.  To perpetrate and conceal their scheme to defraud, LISSA PHOENIX and SKYLAR
15 PHOENIX made false "production invoices" from Adwil Communications to the attention of SKYLAR
16 PHOENIX which purported to document and describe actual work being done by Adwil
17 Communications for the benefit of B.S.C. and requesting payment of various dollar amounts to "L.M.
18 Beckwith." These false invoices were entered into B.S.C.'s internal accounting program by another
19 person working directly for SKYLAR PHOENIX at B.S.C. in an administrative capacity in order to
20 generate check requisitions for payment. After these requisitions were generated, SKYLAR PHOENIX
21 signed the document, occasionally making hand written revisions to the request, and authorized the
22 payment to "L.M. Beckwith" in her capacity as the department manager, when in truth, no legitimate
23 work was provided to B.S.C. by LISSA PHOENIX as described on these invoices.
24 13.  Between in or about September 2004 and April 2006, B.S.C. received invoices in this manner
25 requesting payments to "L.M. Beckwith" signed and authorized by SKYLAR PHOENIX on at least 13
26 separate occasions. Based on these fraudulent invoices, B.S.C. issued 13 checks of various amounts
27 between $4,000 and $9,900, for a total of approximately $97,652.00, payable to "L.M. Beckwith" and
28 mailed to the address associated with LISSA PHOENIX's close family member.

INDICTMENT

14. As a further part of the on-going scheme to defraud, and following an internal B.S.C. policy change regarding the usage of and system for engaging contract and temporary employees, between in or about June 2007 and March 2011, SKYLAR PHOENIX created multiple internal job requests at B.S.C., called "Leased Worker Requisition Forms," generating job openings and a request to B.S.C.'s outside vendor, Spherion. SKYLAR PHOENIX specifically included in her requests to the vendor that she had identified "Lisa Beckwith" as the employee for the jobs.

15. As a further part of the scheme to defraud, LISSA PHOENIX presented herself as an employee to B.S.C.'s vendor, Spherion, using the name "Lisa Beckwith." Between in or about June 2007 and March 2011, SKYLAR PHOENIX and LISSA PHOENIX submitted weekly time record documents for approval through the electronic system that linked B.S.C. with its vendor. These time records falsely represented that LISSA PHOENIX, a/k/a "Lisa Beckwith," regularly worked forty hours per week on projects for B.S.C., when, in fact, LISSA PHOENIX provided no legitimate services or products to B.S.C. in exchange for these payments.

16. As a further part of the scheme to defraud, SKYLAR PHOENIX listed herself as the designated "timecard approver" for "Lisa Beckwith." The "timecard approver" was required to review and verify the hours worked and approve the timecard for payment electronically. SKYLAR PHOENIX electronically approved the timecards for "Lisa Beckwith," when in truth, SKYLAR PHOENIX knew that "Lisa Beckwith" was LISSA PHOENIX, SKYLAR PHOENIX's domestic partner, who provided no legitimate services or products to B.S.C. during the hours she was alleged to have been working.

17. In reliance on the misleading and materially false information provided to the vendor by SKYLAR PHOENIX and LISSA PHOENIX, Spherion provided electronic payments to LISSA PHOENIX, a/k/a "Lisa Beckwith," via direct deposit to LISSA PHOENIX's Wells Fargo Bank account.

18. Between in or about June 2007 and March 2011, B.S.C. was, in turn, billed by Spherion for all the temporary workers in a given pay period, including LISSA PHOENIX, a/k/a "Lisa Beckwith," and B.S.C. paid Spherion for the cost of these employees, as well as an additional percentage of the temporary workers' salaries as a mark-up for providing contractually-agreed upon management service to B.S.C.

19. Between July 2007 and March 2011, LISSA PHOENIX was paid in excess of $399,000 for

INDICTMENT

4

Case 1:17-tp-20049-JEM Document 1 Entered on FLSD Docket 07/18/2017 Page 6 of 20
JUN-19-2014 11:58
Case 1:14-mj-02772-BLG Document 1 Entered on FLSD Docket 06/20/2014 Page 5 of 136

allegedly providing services and products to B.S.C., for which B.S.C. can find no evidence, records, or other support to substantiate that LISSA PHOENIX, a/k/a "Lisa Beckwith" was ever contracted to or employed by B.S.C.

COUNT ONE: 18 U.S.C. § 1349 (Wire Fraud Conspiracy)

20. Paragraphs 1 through 19 are re-alleged and incorporated as if fully set forth here.

21. From at least in or about September 2004 through in or about March 2011, in the Northern District of California and elsewhere, the defendants,

SKYLAR ARIEL PHOENIX and

LISSA MICHELE PHOENIX,

did knowingly and intentionally conspire to devise a material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and by material omissions of fact, and for the purpose of executing such scheme and artifice, to transmit and to cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Sections 1343.

COUNTS TWO – FIVE: 18 U.S.C. §§ 1343 and 2 (Wire Fraud; Aiding and Abetting)

22. Paragraphs 1 through 18 are re-alleged and incorporated as if fully set forth here and in each of Counts Two through Five, below.

23. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

SKYLAR ARIEL PHOENIX and

LISSA MICHELE PHOENIX,

for the purpose of executing a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, promises, and omissions, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce certain writings, signs, and signals, as set forth further below:

INDICTMENT

Case 1:17-tp-20049-JEM Document 1 Entered on FLSD Docket 07/18/2017 Page 7 of 20
JUN-19-2014 11:58
Case 1:14-mj-02772-BLG Document 1 Entered on FLSD Docket 06/20/2014 Page 6 of 107

| Count | Date | Processed through | To | Description |
|---|---|---|---|---|
| TWO | 03/19/2010 | NEW YORK | CALIFORNIA | Wire transfer in the amount of $2,045.89 from Spherion to "Lisa Beckwith's" Wells Fargo Account ending in 9212 |
| THREE | 06/11/2010 | NEW YORK | CALIFORNIA | Wire transfer in the amount of $2,068.30 from Spherion to "Lisa Beckwith's" Wells Fargo Account ending in 9212 |
| FOUR | 01/28/2011 | NEW YORK | CALIFORNIA | Wire transfer in the amount of $2,116.74 from Spherion to "Lisa Beckwith's" Wells Fargo Account ending in 9212 |
| FIVE | 03/25/2011 | NEW YORK | CALIFORNIA | Wire transfer in the amount of $2,388.03 from Spherion to "Lisa Beckwith's" Wells Fargo Account ending in 9212 |

Each in violation of Title 18, United States Code, Sections 1343 and 2.

### THE SECOND SCHEME AND ARTIFICE TO DEFRAUD

24. As set forth more fully below, from in or about February 2006 through at least February 2012, in the Northern District of California and elsewhere, the defendants,

SKYLAR ARIEL PHOENIX,

LISSA MICHELE PHOENIX, and

DANA ANN WILKEY

did knowingly devise and intend to devise a material scheme and artifice to defraud B.S.C., and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions of material facts, and for the purpose of executing such a scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures and sounds. More specifically, defendant DANA WILKEY, with the participation and assistance of defendant SKYLAR PHOENIX, entered into a fraudulent marketing contract between B.S.C. and Adwil Agency, Inc., which included the regular

6

INDICTMENT

Case 1:17-tp-20049-JEM Document 1 Entered on FLSD Docket 07/18/2017 Page 8 of 20
JUN-19-2014 11:58
Case 1:14-mj-02772-BLG Document 1 Entered on FLSD Docket 06/20/2014 Page 7 of 13

1  payment of undisclosed kickbacks from WILKEY to SKYLAR PHOENIX, LISSA PHOENIX, and
2  Rodeo Pink, a shell corporation held by and for the benefit of SKYLAR PHOENIX.
3      25. As part of the scheme to defraud, SKLYAR PHOENIX, in her management capacity at
4  B.S.C., facilitated the awarding of a contract between B.S.C.'s Marketing Department and Adwil
5  Agency, of which WILKEY was the President, to provide a variety of Internet work, including the
6  creation of websites for B.S.C. To perpetuate and conceal the scheme to defraud, multiple work orders
7  or "Statements of Work" for internet-type work related to B.S.C. marketing were generated with
8  numerous cost increases and extensions being added over time, all approved by SKYLAR PHOENIX.
9      26. As a further part of the scheme to defraud, DANA WILKEY, through Adwil Agency,
10 submitted multiple invoices charging B.S.C. highly inflated prices for the services to be performed, and
11 SKYLAR PHOENIX took steps to conceal this fact by regularly changing the project "cost center
12 number" or code to be used for approval of the invoices within B.S.C. and to minimize the total impact
13 on B.S.C. accounts controlled by SKYLAR PHOENIX.
14     27. To perpetuate and conceal the scheme to defraud, SKYLAR PHOENIX directed
15 administrative personnel working directly for her to pay Adwil Agency invoices faster and prior to other
16 vendors, and on at least one occasion, directed administrative personnel to personally go to the bank to
17 make a deposit directly into the Adwil Agency account for the benefit of DANA WILKEY.
18     28. As a further part of the scheme to defraud, between in or about February 2006 through at least
19 February 2012, DANA WILKEY, through Adwil Agency accounts, paid directly to LISSA PHOENIX,
20 SKYLAR PHOENIX, and SKYLAR PHOENIX's company, Rodeo Pink, approximately 87 checks with
21 various amounts between $50 and $12,000, amounting to kickbacks related to Adwil Agency's business
22 with B.S.C.
23     29. Between in or about February 2006 through at least February 2012, DANA WILKEY, through
24 Adwil Agency accounts, paid directly to LISSA PHOENIX, SKYLAR PHOENIX, and SKYLAR
25 PHOENIX's company Rodeo Pink approximately $360,000 in kickbacks related to Adwil Agency's
26 business with B.S.C.
27
28

INDICTMENT                                                     7

1 | COUNT SIX: 18 U.S.C. § 1349 (Wire Fraud Conspiracy)

2 | 30. Paragraphs 1 through 9, and 24 through 29 are re-alleged and incorporated as if fully set forth here.

4 | 31. From at least in or about February 2006 through in or about February 2012, in the Northern District of California and elsewhere, the defendants,

**SKYLAR ARIEL PHOENIX,**

**LISSA MICHELE PHOENIX, and**

**DANA ANN WILKEY,**

did knowingly and intentionally conspire to devise a material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and by material omissions of fact, and for the purpose of executing such scheme and artifice, to transmit and to cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Sections 1343.

COUNTS SEVEN – TWELVE: 18 U.S.C. §§ 1343 and 2 (Wire Fraud; Aiding and Abetting)

32. Paragraphs 1 through 9, and 24 through 31 are re-alleged and incorporated as if fully set forth here and in each of Counts Seven through Eleven, below.

33. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

**SKYLAR ARIEL PHOENIX and**

**DANA ANN WILKEY,**

for the purpose of executing a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, promises, and omissions, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce certain writings, signs, and signals, as set forth further below:

INDICTMENT

8

Case 1:17-tp-20049-JEM Document 1 Entered on FLSD Docket 07/18/2017 Page 10 of 20
JUN-19-2014 11:58
Case 1:14-mj-02772-BLG Document 1 Entered on FLSD Docket 06/20/2014 Page 9 of 130

| Count | Date | Server Location | To | Description |
|---|---|---|---|---|
| SEVEN | 02/21/2011 | NEW JERSEY | CALIFORNIA | Email from DANA ANN WILKEY, to A.M. requesting payment in the amount of $6,860.00 to Rodeo Pink. |
| EIGHT | 05/03/2011 | NEW JERSEY | CALIFORNIA | Emails from DANA ANN WILKEY, to A.M., requesting payment in the amount of $1,180.70 to Rodeo Pink. |
| NINE | 05/24/2011 | NEW YORK | CALIFORNIA | Email from DANA ANN WILKEY, to A.M. requesting payment in the amount of $3,288.90 to Rodeo Pink |
| TEN | 05/29/2011 | NEW YORK | CALIFORNIA | Email from DANA ANN WILKEY, to A.M. requesting payment in the amount of $6,842.00 to Rodeo Pink |
| ELEVEN | 08/03/2011 | NEW YORK | CALIFORNIA | Email from DANA ANN WILKEY, to A.M. requesting payment in the amount of $1,730.00 to Rodeo Pink |
| TWELVE | 12/20/2011 | NEW YORK | CALIFORNIA | Email from DANA ANN WILKEY, to A.M. requesting payment in the amount of $1,500.00 to Rodeo Pink |

Each in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT THIRTEEN: 18 U.S.C. § 1001 (False Statement to Government Agent)

34. Paragraphs 1 through 34 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

35. On or about September 25, 2013, in the Northern District of California, defendant

SKYLAR ARIEL PHOENIX

did knowingly and willfully make a materially false, fictitious, and fraudulent statement in a matter within the jurisdiction of the executive branch of the United States, by stating to an agent of the Federal Bureau of Investigation, while in the course of the agent's duties, that: (1) LISSA PHOENIX worked as a contractor for B.S.C. on specific projects; and (2) other B.S.C. employees had worked with LISSA PHOENIX directly on B.S.C. projects, knowing at the time she made these statements that they were false, in that LISSA PHOENIX in truth and fact had never provided any services or products to B.S.C.

INDICTMENT 9

Case 1:17-tp-20049-JEM Document 1 Entered on FLSD Docket 07/18/2017 Page 11 of 20
JUN-19-2014 11:58
Case 1:14-mj-02772-BLG Document 1 Entered on FLSD Docket 06/20/2014 Page 10 of 18

1 in exchange for any payments, in violation of Title 18, United States Code, Sections 1001(a)(2).

2

3 COUNT FOURTEEN: 18 U.S.C. § 1001 (False Statement to Government Agent)

4     36. Paragraphs 1 through 34 of this Indictment are hereby re-alleged and incorporated by
5 reference as if set forth in full herein.

6     37. On or about September 25, 2013, in the Northern District of California, defendant
7                             SKYLAR ARIEL PHOENIX
8 did knowingly and willfully make a materially false, fictitious, and fraudulent statement in a matter
9 within the jurisdiction of the executive branch of the United States, by stating to an agent of the Federal
10 Bureau of Investigation, while in the course of the agent's duties, that: (1) Rodeo Pink was hired by
11 Adwil Agency to do consulting for a company in Boston to encourage prenatal care; and (2) she had told
12 her B.S.C. supervisors that she was working an "outside job" with Adwil Agency during the same time
13 as Adwil Agency was performing its contract with B.S.C., knowing at the time she made these
14 statements that they were false in that, in truth and fact, she knew there was no Boston company that
15 Rodeo Pink was "consulting," and the payments made from Adwil Agency to Rodeo Pink and SKYLAR
16 PHOENIX were directly related to Adwil Agency's business with and invoices to B.S.C., in violation of
17 Title 18, United States Code, Sections 1001(a)(2).

18

19 COUNT FIFTEEN: 18 U.S.C. § 1001 (False Statement to Government Agent)

20     38. Paragraphs 1 through 34 of this Indictment are hereby re-alleged and incorporated by
21 reference as if set forth in full herein.

22     39. On or about September 25, 2013, in the Northern District of California, defendant
23                             LISSA MICHELE PHOENIX
24 did knowingly and willfully make a materially false, fictitious, and fraudulent statement in a matter
25 within the jurisdiction of the executive branch of the United States, by stating to an agent of the Federal
26 Bureau of Investigation, while in the course of the agent's duties, that while working at B.S.C. in the
27 marketing department she worked approximately 40 hours a week, during which she was supervised
28 directly by SKYLAR PHOENIX and wrote pamphlets and brochures for the health care reform

INDICTMENT                               10

Case 1:17-tp-20049-JEM   Document 1   Entered on FLSD Docket 07/18/2017   Page 12 of 20
JUN-19-2014  11:59
Case 1:14-mj-02772-BLG   Document 1   Entered on FLSD Docket 06/20/2014   Page 11 of 18

1  initiative, knowing at the time she made these statements that they were false in that, in truth and fact
2  she had never provided any services or products to B.S.C., in violation of Title 18, United States Code,
3  Sections 1001(a)(2).
4
5  FIRST FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Wire Fraud Forfeiture.
6
7  40.  Paragraphs 1 through 23 of this Indictment are hereby re-alleged and incorporated by
8  reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section
9  981(a)(1)(C) and Title 28, United States Code, Section 2461(c).
10 41.  Upon conviction of any of the offenses set forth in Counts 1 through 5 of this Indictment, the
11 defendants,
12                SKYLAR ARIEL PHOENIX, and
13                LISSA MICHELE PHOENIX
14 shall forfeit to the United States of America pursuant to Title 18, United States Code, Section
15 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which
16 constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes,
17 but is not limited to a money judgment in the amount of the gross proceeds derived from the offenses.
18
19 SECOND FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Wire Fraud Forfeiture.
20
21 42.  Paragraphs 1 through 9 and 24 through 33 of this Indictment are hereby re-alleged and
22 incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code,
23 Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). Upon conviction of any of the
24 offenses set forth in Counts 6 through 11 of this Indictment, the defendants,
25                SKYLAR ARIEL PHOENIX,
26                LISSA MICHELE PHOENIX, and
27                DANA ANN WILKEY
28 shall forfeit to the United States of America pursuant to Title 18, United States Code, Section

INDICTMENT                     11

1  981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which
2  constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes,
3  but is not limited to a money judgment in the amount of the gross proceeds derived from the offenses.

4  43. Paragraphs 1 through 43 of this Indictment are hereby re-alleged and incorporated by
5  reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code,
6  Section 981(a)(1)(C) and Title 28, United States Code, Section, 2461(c).

7  44. If, as a result of any act or omission of the defendant, any of said property:
8      a. Cannot be located upon the exercise of due diligence;
9      b. Has been transferred or sold to or deposited with, a third person;
10     c. Has been placed beyond the jurisdiction of the Court;
11     d. Has been substantially diminished in value; or
12     e. Has been comingled with other property which cannot be divided without difficulty;
13 the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,
14 United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)
15 and Title 28, United States Code, Section 2461(c).

16 All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States
17 Code, Section 2461(c).

18 DATED: 6/18/14

A TRUE BILL

FOREPERSON

MELINDA HAAG
United States Attorney

AMBER ROSEN
San Jose Deputy Branch Chief

INDICTMENT      12

Case 1:17-tp-20049-JEM Document 1 Entered on FLSD Docket 07/18/2017 Page 14 of 20
JUN-19-2014 11:59
Case 1:14-mj-02772-BLG Document 1 Entered on FLSD Docket 06/20/2014 Page 13 of 134

1  Approved as to form:
2
3  [signature]
4  AMIE D. ROONEY
   Assistant United States Attorney
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INDICTMENT                              13

AO 245B (Rev. AO 09/11-CAN 7/14) Judgment in Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Northern District of California

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| Dana Ann Wilkey | ) | USDC Case Number: CR-14-00318-003 LHK |
| | ) | BOP Case Number: DCAN514CR00318-003 |
| | ) | USM Number: 05439-104 |
| | ) | Defendant's Attorney: Leland B. Altschuler (Retained) |

**FILED**

OCT 2 1 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**THE DEFENDANT:**

☑ pleaded guilty to: Count (1) of the Superseding Information (ECF No. 112).
☐ pleaded nolo contendere to count(s): _____ which was accepted by the court.
☐ was found guilty on count(s): _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 4 | Misprision of a Felony | September 2012 | 1 |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s): _____

☑ Counts Six (6) through Twelve (12) of the Indictment are dismissed on the motion of the United States as to this Defendant only.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/19/2016
Date of Imposition of Judgment

*Lucy H. Koh*
Signature of Judge
The Honorable Lucy H. Koh
United States District Judge
Name & Title of Judge

10/21/2016
Date

AO 245B (Rev. AO 09/11-CAN 03/14) Judgment in Criminal Case

DEFENDANT: Dana Ann Wilkey
CASE NUMBER: CR-14-00318-003 LHK

Judgment - Page 2 of 6

## PROBATION

The defendant is hereby sentenced to probation for a term of: <u>five (5) years.</u>

The appearance bond is hereby exonerated. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. AO 09/11-CAN 03/14) Judgment in Criminal Case

DEFENDANT: Dana Ann Wilkey
CASE NUMBER: CR-14-00318-003 LHK

Judgment - Page 3 of 6

## SPECIAL CONDITIONS OF PROBATION

While on probation, the defendant shall not commit another Federal, State or local crime, shall comply with the standard conditions that have been adopted by this court, except that the Mandatory Drug Testing Provision is suspended, and shall comply with the following additional conditions:

1. The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

2. The defendant shall not maintain a position of fiduciary capacity without the prior permission of the probation officer.

3. The defendant shall pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of probation.

4. The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

5. The defendant shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

6. The defendant shall participate in the Location Monitoring Program as directed by the probation officer for a period of six (6) months, and be monitored by Location monitoring technology at the discretion of the probation officer. Location monitoring shall be utilized to verify her compliance with home detention while on the program. The defendant is restricted to her residence at all times except for employment, education, religious services, medical appointments, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities pre-approved by the probation officer. The defendant shall pay all or part of the costs of the program based upon her ability to pay as determined by the probation officer.

AO 245B (Rev. AO 09/11-CAN 03/14) Judgment in Criminal Case

DEFENDANT: Dana Ann Wilkey
CASE NUMBER: CR-14-00318-003 LHK

Judgment - Page 4 of 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $100.00 | Waived | $1,047,221.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Blue Shield of California<br>50 Beale Street<br>San Francisco, CA 94105 |  | $1,047,221.00 |  |
| **TOTALS** | $ 0.00 | $1,047,221.00 |  |

☑ Restitution amount ordered pursuant to plea agreement $ $1,047,221.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑ the interest requirement is waived for the restitution.

   ☐ the interest requirement is waived for the fine/restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. AO 09/11-CAN 03/14) Judgment in Criminal Case

DEFENDANT: Dana Ann Wilkey  
CASE NUMBER: CR-14-00318-003 LHK

Judgment - Page 5 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

A ☑ Lump sum payment of _____$1,047,321.00_____ due immediately, balance due

    ☐ not later than _____ , or  
    ☑ in accordance with    ☐ C,   ☐ D, or   ☐ E, and/or    ☑ F below); or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ installments of _____ over a period of _____ to commence _____ after release from imprisonment to a term of supervision;

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:  
When incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

When incarcerated, payment of restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Restitution payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102, in monthly payments of not less than $200.00 or at least 10 percent of earnings, whichever is greater, to commence no later than 60 days from placement on probation. Any established payment plan does not preclude enforcement efforts by the U.S. Attorney's Office if the defendant has the ability to pay more than the minimum due. The defendant's restitution obligation shall be paid jointly and severally with other defendants in this case until full restitution is paid.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| 5:14-CR-00318-LHK-1, Skylar Phoenix | $1,690,907.00 | $1,047,221.00 | |
| 5:14-CR-00318-LHK-2, Lissa Phoenix | $1,690,907.00 | $1,047,221.00 | |

☐ The defendant shall pay the cost of prosecution.

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,  
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. AO 09/11-CAN 03/14) Judgment in Criminal Case

DEFENDANT: Dana Ann Wilkey
CASE NUMBER: CR-14-00318-003 LHK

Judgment - Page 6 of 6

☐ The defendant shall pay the following court cost(s): _____

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

☐ The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**