UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED by _*PG*_ D.C.

AUG 2 2 2018

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>DANA ANN WILKEY,<br>*Defendant.* | Case No. 1:17-TP-20049-UU-1<br>*Before Judge Ursula Ungoro*<br><br>[CAND: 5:14-CR-0318-LHK]<br><br>**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (IN CHAMBERS – HEARING WAIVED)** |

**NOW COMES** DANA ANN WILKEY, motioning this Court *in propria persona* to terminate the imposed term of probation, reducing such to a "time already served" duration. This request is made pursuant to 18 U.S.C. §3564(c) and Fed R. Crim. P. 32.1(c)(2)(C).  In Chambers Hearing waived per Fed R. Crim. P. 32.1(c)(2)(B).

This document complies with Local Rule 5.1(a), and what follows is a concise memorandum of case history, points of authority, policy and argument to justify the request sought herein.

1.  On October 21, 2016 in the Northern District of California, I was sentenced to 5 years of probation after pleading guilty to one count of Misprision of a Felony, a violation of 18 U.S.C. §4. Dkt. Ent. 1.[1] Part of that term of probation included a 6 month term of home confinement, which I completed in April of 2017. I have now served 22 months of my probation term. The reasons for this Misprision conviction are better understood in ND CA document 142, the sentencing memorandum.

---

[1] All documents pertinent to my case are in my transfer file, docket entry #1 in the FLSD docket associated with this case number. All of my original files can be found in the CAND docket. In that docket, my Judgment order is #144.

2.  Many defendants believe that their case is unique and they are special. While I don't think that I'm deserving of preferential treatment, I believe there are unique circumstances which warrant early release in my case. Therefore, I make this request after learning that it is my right to file a request for early termination on my own behalf.

3.  **Jurisdiction**: This Court had and maintains jurisdiction of this case from July of 2014 (when my pretrial phase started), and now during my supervision phase.

4.  **Authority**: As cited above, 18 U.S.C. §3564(c) gives judges the authority to terminate terms of probation in federal felony cases after the expiration of one year. In the Federal Rules of Criminal Procedure, rule 32.1(c) states that modifications are made for probation and supervised release cases after a hearing, but that such a hearing is not required if the defendant waives the hearing, the relief sought is favorable to the defendant, or if the government is given the chance to respond (object) and has not done so.

5.  As it applied to releasing offenders from supervision, the 11th Circuit has much more to say about supervised release than it does probation. While not perfectly in line, the two types of supervision, and the reasons it is in the "interests of justice" to release either one are rather analogous. Rather than differentiating the two, the following Circuit precedents conflate the justification in terminating supervised release with that of probation-only supervision.

6.   A district court may "terminate a term of supervised release and discharge the defendant" if, "after considering the factors set forth in" 18 U.S.C. §3553(a), the court "is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." *United States v. Keshishian*, 12-10680 (11th Cir. 2013).

7.   The 11th Circuit clarified and partly reversed course on the way District Courts are required to ponder §3583(e) requests in *United States v. Johnson*, 17-12577 (11th Cir. 2017). Whereas in previous unpublished cases like *United States v. Boyd*, 606 F. App'x 953 (11th Cir. 2015)[2] there was no requirement from the Circuit Court that a district judge explain the §3553(a) factors considered while pondering a termination request, the *Johnson* decision makes clear that §3583(e) requests were analogous enough to §3582(c) requests, insofar as they are sentencing reduction decisions, that meaningful appellate review requires some discussion of the relevant statutory consideration factors.

8.   Policy on early termination on probation and supervised release can be found both in Monograph 109 for probationary policy.[3] and in the Sentencing Guidelines Manual in §5D1.2. Fundamental to this pleading, the Commission changed this section of the Manual in 2011 to specifically encourage courts to consider early termination of supervised release in "appropriate cases." This case is certainly appropriate for early release.

---

[2]   See *Johnson, id.* at 7
[3]   *Supervision of Federal Offenders*, (Guide to Judiciary Policy, Vol. 8E, Ch. 3 at 28-29)

9.  Committee notes to this procedural rule don't spend much time on termination requests, but bring up a defendant's right to present mitigating information when a modification request would be of greater restriction to the defendant. In this case, I both waive the hearing, and request that a decision in this matter be made without such a hearing once the government is given an opportunity to proffer a written objection if it chooses to do so.

10. **Policy**: The Sentencing Guidelines Manual addresses sentences of Probation in §5B1.1-3 wherein a case like mine, which fell in lowest tier of Zone B in the sentencing table[4] (U.S.S.G. §5A), have available probationary sentences of 1-5 years of probation with a commensurate term of community or home confinement in lieu of the suggested incarceration term. In my case that was 4-10 months. U.S.S.G. §5B1.2. As comporting with this section, I was given a term of 6 months of home confinement to start my term of probation because, with an adjusted offense level of 9, I was at the low end of Zone B, one point north of Zone A.

11. Probationary policy in regards to recommending early termination in supervised release cases comes from Monograph 109[5]. In tandem with the Sentencing Guidelines Manual notes in §5D1.2, Probation Monograph 109 informs probation officers that they "should consider the suitability of early termination for offenders as soon as they are statutorily eligible."

---

[4]   Adjusted offense level of 9 with a criminal history category of I.
[5]   Guide to Judiciary Policy, Volume 8, Part E: Supervision of Federal Offenders (Monograph 109)

12.  When making this determination, the 9 general criteria for making a

recommendation to the court for early termination are found in section §380.10(b):

> *(1) Stable community reintegration;*
> *(2) Progressive strides toward supervision objectives and in compliance*
>     *with all conditions of supervision;*
> *(3) No aggravated role in the offense of conviction, particularly large drug*
>     *or fraud offenses;*
> *(4) No history of violence;*
> *(5) No recent arrests or convictions;*
> *(6) No recent evidence of alcohol or drug abuse;*
> *(7) No recent psychiatric episodes;*
> *(8) No identifiable risk to the safety of any identifiable victim; and,*
> *(9) No identifiable risk to public safety based on the Risk Prediction*
>     *Index."*

13.  Later in that same section, it states that "**The existence of an outstanding

financial penalty *per se* does not adversely affect early termination eligibility

as long as the offender has been paying in accordance with the payment plan**"

(§§c), and failure to meet criteria listed should not automatically exclude an

offender from further consideration (§§d), and there is <u>a presumption in favor of</u>

<u>recommending early termination</u> for probationers and supervised releasees who

have been supervised for at least 18 months and are not violent, drug, sex

offenders, terrorists, present a risk to public or victims, and are free from any

moderate or higher violations.

14.  **Argument:** I have had total success while on probation these last 22 months. I

completed my term of 6 months home confinement (including location

monitoring) without incident. I have complied with all directions of my

supervising probation officer and have had no violations at all. I've paid my

restitution payments on time, every month. In fact, I've been on active supervision from pretrial until today for about 4 years without a single mark against me. In short, my record is 100 % compliant, if the best predictor is past and current behavior then there is every reason to say that I will continue to honor my restitution without probation.

15. While going through this, I have been raising my now-9-year-old son, John, as his sole parent and provider. Although raising John takes much work (he is the highlight of each day and is a high-achieving honor roll student), I also care for my 101-year-old grandmother, who is nearing the end of her life. Beyond these wonderful parts of my life, I also keep and maintain full - time work with CIC, Common Interest Community, LLC and have been there since 2012.

16. I am of low risk to re-offend. That is evident in my conduct while under supervision which has been perfect.  I have filed all online reports on time every month. I have paid monthly restitution before the due date. I have supplied financial data and forms as agreed with my probation officer right away whenever asked and I have made all requests using the proper forms and procedures.

17. There are statistics beyond the USPO risk-assessment tool that points to a low risk to reoffend in my situation. Beyond criminal history categories, criminal-history points themselves are an excellent indicator of the risk of recidivism and re-arrest. A 2017 study published by the Sentencing Commission concludes, specifically, offenders with zero criminal history points and no prior contact with the criminal

justice system, "there is an 11.7 percentage point difference [lower] in rearrest rates..." compared to a zero-point offender with prior contact with criminal justice Zero-point offenders show a much lower re-conviction rate (17.4%), almost 4x less likely than an offender with 15+ points (66.2%)[6] **With zero Criminal History Points and a Criminal History Category of I, I am in the category of offenders who have the lowest risk of recidivism**.

18.  I am very active in the PTA at my son's school, and I am his "Homeroom mom". In May of 2018, the parents of my class chose to give me a special award for all my service which I've attached to this motion.

19.  I also volunteer at the Miami Rescue Mission. I have done well over 400 hours of voluntary service with them, which has included tutoring the men in the homeless shelter on Math and English, running numerous community toy drives, Easter basket drives and school shoes drives for the children. See the attached pictures from my last toy drive.  This year for my annual toy drive, I partnered with the Kindness Club at my son's school and the Shelter, every year is different. I also am one of their co-captains at most of the Miami Rescue community outreach events, such as Christmas in July, Thanksgiving, Christmas and Easter and at those events I lead a group of volunteers in feeding the homeless. I attached a letter from the sentencing memoranda that is an earlier testament to this.

20.  I love volunteering.

---

[6] *The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders ;* United States Sentencing Commission, 2017, available at [http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170309_Recidivism-CH.pdf]

21. Regarding the restitution order in my case, I have been faithful with the payments thereto. However, it is mathematically impossible for me to pay the balance of that restitution in the remaining time I have on probation. I pay $200 each month, so it would take me approximately 435 more years to completely pay off this balance. This balance is also being paid jointly and severally with my two co-defendants. I'm on a very tight budget, but I am diligent with it so that I've never been late or missed a payment toward this judgment.

22. I make this argument only to say that this restitution balance will eventually become a civil judgment against me whether I am allowed off of probation now, or if it expires naturally in three years, creating no extra work for the Financial Litigation Unit in the Northern District of California either way.

23. It is also of note that I have an excellent FICO score (778 via Experian, attached). This may seem a minor point, but it is certainly indicative that I handled all of my finances throughout pretrial, sentencing, and probation thus far without falling behind on any bills. And I will continue to act this way in perpetuity, as evidenced by this credit rating. Add to that, I've been able to maintain this even without a single child support payment from my son's father, and it is an accomplishment I'm truly proud of.

24. To stay in line with sentencing decisions in similar cases with similar defendants, §3553(a)(6) addresses the need to avoid unwarranted disparities between cases with such similarities. In regard to my request here, other cases where early

termination requests have been granted are of particular applicable. See *United States v. Folan,* No. 9:15-TP-80032-DMM-1 (FLSD, 2017 release) where Defendant Folan was terminated after serving half of his 5-year term of supervision for his conviction of Mail and Wire Fraud. Even in this very courtroom, defendant Melix Lopez was released from his supervised release term after serving two years in another non-drug related case. See *United States v. Lopez,* No. 1:12-CR-20621-UU-3 (FLSD 2017 release).

25. I was told by my attorney that the AUSA who prosecuted my case in Northern District of California recently informed my attorney that the government would "take no position" on my request for early termination of supervised release.

26. A look at the Monograph 109 test for the USPO to consider recommendations on requests for early termination of supervised release addresses many of the same issues from §3553, but from a more reintegration related standpoint.

27. A policy consideration under this document addresses some of my restitution amount. I won a judgment against my son's father[7] for breach of contract, fraud, and embezzlement in the amount of $224,986.42 (Los Angeles Superior Court Case No. BC-519946). PSI at ¶67. Attached. I offered this judgment as payment toward the restitution judgment in good faith, but this offer was denied by Blue Shield of California according to conversations my lawyer had with them. Further, I am enrolled in TOPS program with the Northern District of California, which

---

[7] John S. Flynn, who is behind on his court-ordered child support by $92,166.51 in the State of Florida. Judgment dated March 14, 2016.

takes any federal tax return and applies it to my restitution, which survives the natural expiration of termination or early termination of probation.

28. The impetus for this request is due to my job and career. I have 18 years in start-up and large company positions in technical solution development, sales, marketing, advertising, real estate analysis, event coordination, publicity, sponsorship and senior management assistance with client companies that ranged in size from large such as Warner Bros. to small companies like Codexa.

29. I am currently a consultant for CIC Common Interest Community, LLC, and they have several projects that they would like me working on that require international travel. I feel a genuine risk that if I am unable to travel internationally as they request me without the legal procedure required by probation soon, I could be at risk of losing my consulting position. One project in particular is working in product development for an application in the UK, specifically Ireland. They would like to increase my role from real estate research analysis, project manager, care taker and general support (to leadership) to include this role.

30. This move would require being released from probation. If I could to take advantage of this opportunity, I'd likely make significantly more income within a year or get potential bonuses. These would allow me care for my son better, pay down my restitution faster, and help my grandmother as she approaches the end of her life and her care needs advance. Therefore, I chose now to apply for this termination.

## CONCLUSION

In considering this request, please observe that the offense period was alleged to be between February 2006 and September 2012, which makes the offense conduct between 5½ and 12 years ago. For four years, I have been under pre-trial and post-conviction supervision, performing perfectly, and with lots of equities. There is simply no public benefit from continued supervision.

I hope that you will find my situation warrants relief. I have completed my electronic monitoring, have a perfect restitution payment record, and have gladly met every request made of me by my probation officer. Probation is no longer serving the interests of the public; I do what is required because it's the right thing to do.  I have a long work history and am trying to maintain and expand my job description to include other International jurisdictions to better my situation to support my family and ultimately pay more restitution each month.

Beside my punishment, the collateral damage I have incurred from my Misprision has been very difficult to endure including financial devastation, loss of reputation, restricted travel, and civil death; however, I have done my very best to take responsibility for my actions and embrace this punishment with accountability and great respect for the system.  I am trying to continue with this effort in this request for the remaining term of my supervision to be terminated so I may move on with my life.

Respectfully submitted on this 21st day of August, 2018.

/s/ _____

DANA ANN WILKEY

*Pro Se* Defendant, Movant

Attachments List:

- Parent Award – South Pointe Elementary
- Experian FICO credit score
- 2016 Letter from Miami Rescue Mission
- Toy Drive picture with description
- John S. Flynn Judgment



## Very Important PARENT Award

THIS HONOR IS BESTOWED UPON

*Dana Wilkey*

in recognition of faithful and devoted service while participating in

*Mrs. Salvat's Classroom*

Awarded at *South Pointe Elementary*

this *4th* day of *June* year of *2018*

NO. VA641 © COPYRIGHT, 2013, FLIPSIDE PRODUCTS INC., CINCINNATI, OH



Rev Ronald Brummitt
*President*

Miami   Hollywood   Pompano

The Honorable Lucy H. Koh
United States District Court Judge
280 South First St
San Jose, CA 95113

June 23, 2016

Dear Judge Koh,

I am writing to you on behalf of our volunteer and supporter **Dana Wilkey**. Thank you for taking the time to read my letter.

Dana is a valued ambassador and volunteer for the Miami Rescue Mission and Broward Outreach Centers, a Florida 501(c) (3) non-profit organization. We are a charitable faith-based ministry providing spiritual, physical, and essential services to homeless and impoverished men, women, and children in our community.  We provide food, shelter, recovery programs, and transitional housing at our three campuses in Miami, Hollywood, and Pompano Beach.  Our goal is to reach out to homeless and vulnerable members in our community with compassion, demonstrating the love of God; to help individuals transition from isolation to inclusion, and become productive and successful members of their families and the community.

Dana has formally logged over 180 hours at our Education where she helped tutor our residents and aided them in overcoming often overlooked and hidden educational deficiencies. She has gone above and beyond for them as it is obvious she cares for them greatly.  Whenever we ask her to do something she is there. She has mentored many of the younger men and been a friend to speak to for the older residents at the shelter. She is always smiling and happy no matter what she is going through.  In addition to this, she has informally performed over 190 hours of informal services and support for our shelter whether it be serving food at our events, doing gift drives or fund raisers or dropping off donations for herself and many others.  We hope Dana will be able to continue her weekly volunteer work at the Mission as we know our residents look forward to working with her and are inspired by her every week. We love Dana!

Sincerely,

*Lian Marcos*

**Lian Marcos, Community Development Associate**

Lmarcos@caringplace.org

Miami Rescue Mission - 2159 NW 1ˢᵗ Court   Miami, FL 33127   Tel: (305) 572-2004   Fax: (305) 572-2005

www.miamirescuemission.com  or www.browardoutreachcenter.com



**Archived Reports**

⚠ History unavailable

Aug 13, 2018 - ...  ∨

**Bureau**

| **Experian®** | Equifax® | TransUnion® | Compare All |

🖨

Print My Experian Credit Report

Print Only This Page

❓ Help My Experian Credit Report

**Prepared for Dana Wilkey on Aug 13, 2018| UNLOCKED**

With Experian CreditLock, you have greater control over who sees your Experian Credit Report. Lock your Report to keep identity thieves out and block unauthorized credit activity. If you're not applying for credit or new financing, lock your Report in real time, at the touch of a button. Lock Your Credit Report

**Summary**   Accounts   Collections   Inquiries   Public Records   🔒 Lock Your Credit Report

Your summary includes the information that identifies this Report as yours, as well as summaries of the other sections of the Report. If you have a personal statement as a result of a dispute, it will appear here as well.





**Get rewarded for your 778 credit score.**

Use our credit card guide to find a rewards credit card that makes the most out of your everyday spending.

Launch guide

## Accounts Summary

| | |
|---|---:|
| Open Credit Cards | **5** |
| Open Retail Cards | **1** |
| Open Real Estate Loans | **0** |
| Open Installment Loans | **0** |
| Total Open Accounts | **6** |
| Accounts Ever Late | **0** |
| Collections Accounts | **0** |
| Time Since Negative | **Never** |
| Average Account Age | **6 Years  5 Months** |
| Oldest Account | **13 Years  4 Months** |

## Suggested For You

Advertiser Disclosure

We matched your credit profile with this exciting offer.



(https://usa.experian.com/api/offer-redirect/015f37db-0e4d-44b2-b446-7a146811b436/5ee82fe4-02a5-402b-b4c4-f28084615bd9)**Discover it® Cash Back**

Apply Now
(https://usa.experian.com/api/offer-redirect/015f37db-0e4d-44b2-b446-7a146811b436/5ee82fe4-02a5-402b-b4c4-f28084615bd9?
site=fcr&memberType=fr&placement=reportss
topright-
prequal&segment=1a&marketingId=844FD95E
EC5D-4B35-A772-
ED8E7A2BADF1&sessionId=974369AC-2389-
821D-1607-
21A74A804264&ecsStaticId=E90AAA4B-
02D3-4790-D830-
D94154BB538D&isAuth=true&pageId=ecs.cred

**Learn more ▶**



Me at the beginning of my annual Christmas drive for 2018. For the last 2 years, I have collaborated with the Kindness Club at our school for a family movie night where parents bring a toy in return for seeing a free movie in a park. I have been doing an annual toy drive with different locations and groups for the Mimai Rescue Mission since I moved to Miami.



The back and side of my car full of toys at the end of our finale to our toy drive a community movie night on December 1, 2017.



Me dropping off the Toys at the Rescue for the Christmas event at the Miami Rescue.

COPY

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joshua R. Furman, Bar No. 225461<br>JOSHUA R. FURMAN LAW CORP., 15260 Ventura Blvd Ste 2250<br>Sherman Oaks, CA 91403<br>TELEPHONE NO.: (818) 646-4300   FAX NO. *(Optional)*: (818) 646-4301<br>E-MAIL ADDRESS *(Optional)*: jrf@furmanlawyers.com<br>ATTORNEY FOR *(Name)*: Dana Wilkey | **ORIGINAL FILED**<br><br>AUG 2 7 2014<br><br>LOS ANGELES<br>SUPERIOR COURT |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Dana Wilkey

DEFENDANT: John S. Flynn

| **JUDGMENT** | | | CASE NUMBER: |
|---|---|---|---|
| ☐ By Clerk   ☑ By Court | ☑ By Default   ☐ On Stipulation | ☐ After Court Trial   ☐ Defendant Did Not Appear at Trial | BC519946 |

**JUDGMENT**

1. ☑ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☑ Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☑ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court   ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time)*:
      before *(name of judicial officer)*:
   b. Appearances by:
      ☐ Plaintiff *(name each)*:                    ☐ Plaintiff's attorney *(name each)*:
         (1)                                            (1)
         (2)                                            (2)
      ☐ Continued on Attachment 3b.

      ☐ Defendant *(name each)*:                     ☐ Defendant 's attorney *(name each)*:
         (1)                                            (1)
         (2)                                            (2)
      ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was   requested.

Form Approved for Optional Use<br>Judicial Council of California<br>JUD-100 [New January 1, 2002]

**JUDGMENT**

Code of Civil Procedure, §§ 585, 664.6

| | |
|---|---|
| **PLAINTIFF:** Dana Wilkey | **CASE NUMBER:** |
| **DEFENDANT:** John S. Flynn | BC519946 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☑ **THE COURT** ☐ **THE CLERK**

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

a. ☑ for plaintiff (name each):
   Dana Wilkey

   and against defendant (names):
   John S. Flynn

   ☐ Continued on Attachment 5a.

b. ☐ for defendant (name each):

c. ☐ for cross-complainant (name each):

   and against cross-defendant (name each):

   ☐ Continued on Attachment 5c.

d. ☐ for cross-defendant (name each):

6. **Amount.**

a. ☑ Defendant named in item 5a above must pay plaintiff on the complaint:

| | | | |
|---|---|---|---|
| (1) | ☑ | Damages | $ 150,000.00 |
| (2) | ☑ | Prejudgment interest at the annual rate of 10 % | $ 74,054.99 |
| (3) | ☐ | Attorney fees | $ |
| (4) | ☑ | Costs | $ 931.43 |
| (5) | ☐ | Other (specify): | $ |
| (6) | | **TOTAL** | $ 224,986.42 |

c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | |
|---|---|---|---|
| (1) | ☐ | Damages | $ |
| (2) | ☐ | Prejudgment interest at the annual rate of % | $ |
| (3) | ☐ | Attorney fees | $ |
| (4) | ☐ | Costs | $ |
| (5) | ☐ | Other (specify): | $ |
| (6) | | **TOTAL** | $ |

b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
   ☐ Defendant named in item 5b to recover costs $
   ☐ and attorney fees $

d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
   ☐ Cross-defendant named in item 5d to recover costs $
   ☐ and attorney fees $

7. ☐ Other (specify):

Date: AUG 2 7 2014

☐ _____
MAUREEN DUFFY-LEWIS
JUDICIAL OFFICER

Date: _____   ☐ Clerk, by _____, Deputy

---

**CLERK'S CERTIFICATE** (Optional)

I certify that this is a true copy of the original judgment on file in the court.

(SEAL)

Date:

Clerk, by _____, Deputy

JUD-100 [New January 1, 2002]                **JUDGMENT**                Page 2 of 2

530 Sabal Palm Rd
Miami Fl 33137



 **US POSTAGE PAID**
**$6.70**



Origin: 33137
Destination: 33128
0 Lb 10.80 Oz
Aug 21, 18
1158680107-18                    1006

**PRIORITY MAIL 1-Day ®**

EXPECTED DELIVERY DAY: 08/22/2018    C075

**USPS TRACKING NUMBER**



9505 5161 5619 8233 2216 00



Clerk of the US District
Court
Southern District of Florida -
Miami
460 North Miami Avenue
8th Floor
Miami, Fl 33128-7716